**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u>        District of  <u>New York</u>
                                     (State)
Case number (*If known*): _____    Chapter  <u>11</u>

☐ Check if this is an
    amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | <u>Zhonggang Fisheries Limited</u> |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | <u>N/A</u> |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | N/A |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| Rooms 3201-3210, Hong Kong Plaza<br>188 Connaught Road West, Hong Kong | |
| | Number                    Street |
| | P.O. Box |
| | City              State        ZIP Code |
| County | **Location of principal assets, if different from principal place of business** |
| | Number                    Street |
| | City              State        ZIP Code |

**5. Debtor's website** (URL) _____

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor    Zhongang Fisheries Limited

<u>Name</u>    Case number (if known) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes .

1141 – Fishing

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☒ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____    When _____    Case number _____
                                        MM/ DD/ YYYY

         District _____    When _____    Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes    Debtor    See attached Schedule 1    Relationship _____

         District _____    When _____
                                                    MM / DD / YYYY

         Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other  district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                    State              ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
        Contact Name      _____
        Phone                 _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____April 17, 2017_____
                MM / DD / YYYY

✗ _____          Ng Puay Yee
   Signature of authorized representative of debtor          Printed name

   _____
   Authorized Representative
   Title

**18. Signature of attorney**

✗ ___/s/ Matthew S. Barr___          Date _____April 17, 2017_____
   Signature of attorney for debtor          MM / DD / YYYY

   Matthew S. Barr
   Printed Name

   Weil, Gotshal & Manges LLP
   Firm Name

   767          Fifth Avenue
   Number        Street

   New York                          NY          10153
   City                              State        ZIP Code

   (212) 310-8000                    Matt.Barr@weil.com
   Contact phone                     Email address

   2800175                           NY
   Bar Number                        State

### Schedule 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). Pursuant to the Court's *Order Pursuant to 11 U.S.C. § 105(a) Directing Certain Orders in the Chapter 11 Cases of China Fishery Group Limited (Cayman), et al. be Made Applicable to Subsequent Debtors*, the chapter 11 cases of this debtor and the affiliated entity identified below will be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure with the Initial Debtors Cases (as hereinafter defined).

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| Pacific Andes International Holdings (BVI) Limited | 17-_____ (JLG) | April 17, 2017 |
| Zhonggang Fisheries Limited | 17-_____ (JLG) | April 17, 2017 |

On June 30, 2016, September 29, 2016, and March 27, 2017, as applicable, each of the affiliated entities listed below, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the Court (the "**Initial Debtors Cases**"). The Initial Debtors Cases have been consolidated for procedural purposes only and are being jointly administered under case number 16-11895.

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| China Fishery Group Limited (Cayman) | 16-11895 (JLG) | June 30, 2016 |
| Pacific Andes International Holdings Limited (Bermuda) | 16-11890 (JLG) | June 30, 2016 |
| N.S. Hong Investment (BVI) Limited | 16-11899 (JLG) | June 30, 2016 |
| South Pacific Shipping Agency Ltd (BVI) | 16-11924 (JLG) | June 30, 2016 |
| China Fisheries International Limited (Samoa) | 16-11896 (JLG) | June 30, 2016 |
| CFGL (Singapore) Private Limited | 16-11915 (JLG) | June 30, 2016 |
| Chanery Investment Inc. (BVI) | 16-11921 (JLG) | June 30, 2016 |
| Champion Maritime Ltd. (BVI) | 16-11922 (JLG) | June 30, 2016 |
| Growing Management Limited (BVI) | 16-11919 (JLG) | June 30, 2016 |
| Target Shipping Limited (Hong Kong) | 16-11920 (JLG) | June 30, 2016 |
| Fortress Agents Limited (BVI) | 16-11916 (JLG) | June 30, 2016 |
| Ocean Expert International Limited (BVI) | 16-11917 (JLG) | June 30, 2016 |

| COMPANY | CASE NUMBER | DATE FILED |
|---|---|---|
| Protein Trading Limited (Samoa) | 16-11923 (JLG) | June 30, 2016 |
| CFG Peru Investments Pte. Ltd. (Singapore) | 16-11914 (JLG) | June 30, 2016 |
| Smart Group Limited (Cayman) | 16-11910 (JLG) | June 30, 2016 |
| Super Investment Limited (Cayman) | 16-11903 (JLG) | June 30, 2016 |
| Pacific Andes Resources Development Limited | 16-12739 (JLG) | September 29, 2016 |
| Nouvelle Food International Ltd. | 17-10733 (JLG) | March 27, 2017 |
| Golden Target Pacific Limited | 17-10734 (JLG) | March 27, 2017 |

**ZHONGGANG FISHERIES LIMITED**
(International Business Company Number: 422648)
(Incorporated in the Territory of the British Virgin Islands)
(the "**Company**")

## THE SHAREHOLDERS' RESOLUTIONS IN WRITING PASSED PURSUANT TO THE COMPANY'S ARTICLES OF ASSOCIATION

The undersigned, being the Shareholders (the "Shareholders") of the Company as at the date hereof, hereby adopt the following resolutions:

WHEREAS the Company is a member of the Pacific Andes group of companies (the "Pacific Andes Group");

WHEREAS certain affiliates of the Company filed voluntary petitions seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and their chapter 11 cases are currently pending before the Honorable Judge James L. Garrity in the United Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and are being jointly administered under case number 16-11895 (the "Affiliated Chapter 11 Cases");

WHEREAS the Shareholders have determined that it is desirable and in the best interests of the Company that petitions be filed by the Company seeking relief under the provisions of the Bankruptcy Code in which the authority to operate as a debtor in possession will be sought; and

NOW, THEREFORE, IT IS:

RESOLVED, it is desirable and in the best interests of the Company that a voluntary petition (the "Petition") be filed by the Company under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is further

RESOLVED, that Ng Puay Yee Annie (the "Designated Person") is authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, disclosure statements, plans, and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and it is further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP ("Weil") be, and it hereby is, subject to Bankruptcy Court approval, authorized, empowered and directed to represent the Company as its counsel in connection with any case commenced by the Company under the Bankruptcy Code ("Bankruptcy Case"), and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the

Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Weil and all related matters; and it is further

RESOLVED, that the firm of RSR Consulting, LLC be, and it hereby is, subject to Bankruptcy Court approval, authorized, empowered and directed to represent the Company as its financial consultant in connection with the Bankruptcy Case, and to take any and all actions in its capacity as such;

RESOLVED, that the firm of Goldin Associates, LLC be, and it hereby is, subject to Bankruptcy Court approval, authorized, empowered and directed to represent the Company as its financial advisor in connection with the Bankruptcy Case, and to take any and all actions in its capacity as such;

RESOLVED, that in addition to the existing signatories of the Company, the Designated Person is authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants and other professionals as appropriate in connection with any Bankruptcy Case and all related matters; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Designated Person, and in addition to the existing signatories of the Company, the Designated Person is authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions; and it is further

RESOLVED, that the Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that in addition to the existing signatories of the Company, the Designated Person is authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by the Company; and it is further

RESOLVED, that all actions heretofore taken by any officer, manager or director of the Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and it is further

RESOLVED, that the Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file any and all pleadings, motions, applications, and other documents as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court; and it is further

RESOLVED, that Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file a plan of reorganization and disclosure statement for the Company, and amendments thereto as may be necessary from time to time, as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court and to undertake the process in accordance with applicable law of soliciting votes in favor of any such plan of reorganization so developed; and it is further

RESOLVED, that the Shareholders waive any notice, procedural or other formalities requirements which may be required to hold a meeting of the Shareholders.

Dated this 17th day of April, 2017

_____
Golden Target Pacific Limited

_____
Sunbridge Holding Limited

_____
Jade China Investments Limited

Dated this 17th day of April, 2017

_____
Golden Target Pacific Limited

_____
Sunbridge Holding Limited

_____
Jade China Investments Limited

## ZHONGGANG FISHERIES LIMITED
(International Business Company Number: 422648)
(Incorporated in the Territory of the British Virgin Islands)
(the "**Company**")

## DIRECTORS' RESOLUTIONS IN WRITING PASSED PURSUANT TO THE COMPANY'S ARTICLES OF ASSOCIATION

WHEREAS, each director in the board of directors (the "Board") of the Company has confirmed that he or she has no direct or indirect interest in any way in the matters considered herein;

WHEREAS, the Company is a member of the Pacific Andes group of companies (the "Pacific Andes Group");

WHEREAS, certain affiliates of the Company filed voluntary petitions seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and their chapter 11 cases are currently pending before the Honorable Judge James L. Garrity in the United Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and are being jointly administered under case number 16-11895 (the "Affiliated Chapter 11 Cases");

WHEREAS, one of the primary reasons the Initial Debtors commenced the Affiliated Chapter 11 Cases was to bring the Pacific Andes Group's many creditors into a single forum so that its financial difficulties could be resolved in an efficient and transparent process and the entire group's capital structure could be reorganized to maximize value for all stakeholders;

WHEREAS, it is important to the Initial Debtors' administration of their chapter 11 cases that the Pacific Andes' assets are preserved and the Debtors are able to prevent adverse action from the third parties that could frustrate reorganization efforts;

WHEREAS, the Board has reviewed the Company's liabilities and liquidity, the strategic alternatives available to it, and the impact of such alternatives on the Company's business;

WHEREAS, having considered their duties, including but not limited to their duties to act in good faith, in the best interests of the Company and for proper purpose, the Board has determined that it is desirable and in the best interests of the Company that petitions be filed by the Company seeking relief under the provisions of the Bankruptcy Code in which the authority to operate as a debtor in possession will be sought; and

NOW, THEREFORE, IT IS:

RESOLVED, that in the judgment of the Board, having considered their duties, it is desirable and in the best interests of the Company that a voluntary petition (the "Petition") be filed by the Company under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

RESOLVED, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition, and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is further

RESOLVED, that Ng Puay Yee Annie (the "Designated Person") is authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court, and to make

or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, disclosure statements, plans, and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and it is further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP ("Weil") be, and it hereby is, subject to Bankruptcy Court approval, authorized, empowered and directed to represent the Company as its counsel in connection with any case commenced by the Company under the Bankruptcy Code ("Bankruptcy Case"), and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Weil and all related matters; and it is further

RESOLVED, that the firm of RSR Consulting, LLC be, and it hereby is, subject to Bankruptcy Court approval, authorized, empowered and directed to represent the Company as its financial consultant in connection with the Bankruptcy Case, and to take any and all actions in its capacity as such;

RESOLVED, that the firm of Goldin Associates, LLC be, and it hereby is, subject to Bankruptcy Court approval, authorized, empowered and directed to represent the Company as its financial advisor in connection with the Bankruptcy Case, and to take any and all actions in its capacity as such;

RESOLVED, that in addition to the existing signatories of the Company, the Designated Person is authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants and other professionals as appropriate in connection with any Bankruptcy Case and all related matters; and it is further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Designated Person, and in addition to the existing signatories of the Company, the Designated Person is authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions; and it is further

RESOLVED, that the Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company, to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that in addition to the existing signatories of the Company, the Designated Person is authorized, directed and empowered from time to time in the name and on behalf of the Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security

agreements, pledges, financing statements and the like, and (ii) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by the Company; and it is further

RESOLVED, that all actions heretofore taken by any officer, manager or director of the Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and it is further

RESOLVED, that the Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel, to develop, sign and file any and all pleadings, motions, applications, and other documents as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court; and it is further

RESOLVED, that Designated Person is authorized, directed and empowered, on behalf of and in the name of the Company, and in consultation with counsel,  to develop, sign and file a plan of reorganization and disclosure statement for the Company, and amendments thereto as may be necessary from time to time, as are advisable or necessary to further the interests of the Company with respect to the Bankruptcy Case or the Bankruptcy Court and to undertake the process in accordance with applicable law of soliciting votes in favor of any such plan of reorganization so developed; and it is further

RESOLVED, that the Board waives any notice, procedural or other formalities requirements which may be required to hold a meeting of the Company's Board of Directors.

Dated this 17th day of April, 2017

_____
Ng Joo Puay Frank
Director

_____
Sung Yu Ching
Director

_____
Chan Tak Hei
Director

Dated this 17th day of April, 2017

_____
Ng Joo Puay Frank
Director

_____
Sung Yu Ching
Director

_____
Chan Tak Hei
Director

Dated this 17th day of April, 2017

_____
Ng Joo Puay Frank
Director

_____
Sung Yu Ching
Director

_____
Chan Tak Hei
Director

**Fill in this information to identify the case:**

Debtor name **Zhonggang Fisheries Limited**

United States Bankruptcy Court for the: **Southern District of New York**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| None. | | | | | | |

## CONSOLIDATED LIST OF CREDITORS (WHO ARE NOT INSIDERS) HOLDING THE 30 LARGEST UNSECURED CLAIMS[1]

| | Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2] If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|
| 1 | Rabobank Intl, HK 32/F, 3 Pacific Place I Queens Road East Hong Kong | $96,503,494.62 |
| 2 | DBS Bank (HK) Ltd 16th Fl, The Center 99 Queens Road Central Hong Kong | $96,503,494.62 |
| 3 | HSBC L16, HSBC Main Bldg 1 Queen's Road Central, Hong Kong | $96,503,494.62 |
| 4 | Standard Chartered Bnk (HK) Ltd 15/F, Stndrd Charter Bnk Bldg 4-4A Des Voeux Road Central Hong Kong | $96,503,494.62 |
| 5 | China CITIC Bnk Intl Ltd 80th Fl, Intl Commerce Cntr 1 Austin West Kowloon Hong Kong | $32,167,831.54 |
| 6 | TMF Trustee Ltd Corporate Trust 5th Fl, 6 St. Andrew St London, EC4A 3AE United Kingdom | $296,000,000.00 |
| 7 | Rabobank NFS Finance 32/F, 3 Pacific Place 1 Queens Road East Hong Kong | $102,000,000.00 |
| 8 | Maybank 18/F CITIC Tower 1 Tim Mei Avenue Central Hong Kong | $95,000,000.00 |
| 9 | Rabobank Pickenpack Facility Agmnt 32/F, Three Pacific Place 1 Queens Road East Hong Kong | $94,375,235.00 |

---

[1] The following chart sets forth a consolidated list of creditors (excluding insiders) who hold the 30 largest unsecured claims against the Debtor and its affiliated Debtors jointly administered under case number 16-11895.

[2] The Debtor and each of its affiliated Debtors reserve all rights to assert that any of the amounts set forth herein reflect claims that are contingent, unliquidated or disputed.

WEIL:\96098577\1\35234.0003

| Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2]<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|
| 10 | Tapei Fubon Com Bk Co Ltd<br>12F 169, Sec 4, Ren Ai Rd<br>Taipei, 106886<br>Taiwan | $72,000,000.00 |
| 11 | CITIC<br>61-65 Des Voeux Road<br>Central Hong Kong | $70,900,000.00 |
| 12 | DBS<br>16th Floor, The Center<br>99 Queens Road<br>Central Hong Kong | $58,000,000.00 |
| 13 | Maybank<br>18/F CITIC Tower<br>1 Tim Mei Avenue<br>Central Hong Kong | $40,000,000.00 |
| 14 | Bank of America, N.A.<br>52/F. Cheung Kong Center<br>2 Queen's Road Central<br>Central Hong Kong | $30,000,000.00 |
| 15 | Bank of America<br>52/F, Cheung Kong Center<br>2 Queens Rd Central<br>Central Hong Kong | $30,000,000.00 |
| 16 | Rabobank<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | $22,000,000.00 |
| 17 | Brndbrg Mrt Invst Hldng<br>L8, Medine Mews<br>La Chaussee<br>Port Louis, Mauritius | $15,558,581.87 |
| 18 | Andes Int'l Qingdao Ship<br>N67 Yin Chuan Xi Rd, BID<br>Qingdao Amintn Ind Pk 4F1<br>Qingdao City 266000<br>Shandong Province, China | $13,651,769.99 |
| 19 | Rabobank<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | $12,000,000.00 |
| 20 | Fubon<br>Fubon Bank<br>38 Des Voeux Road<br>Central Hong Kong | $11,000,000.00 |
| 21 | Mérieux NutriSciences Corporation  111 E. Wacker Drive, Suite 2300  Chicago, Illinois, USA  60601 | $8,994,953.00 |

WEIL:\96098577\1\35234.0003

| Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2]<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|
| 22 | Standard Charter Bank<br>Standard Charter Bank Building<br>5/F 4-4A Des Voeux Rd<br>Central Hong Kong | $8,000,000.00 |
| 23 | Sahara Investment Group Private Limited<br>#12-51 Anson Centre, 51 Anson Road.<br>Singapore 079904 | $6,494,779.53 |
| 24 | KBC Bank N.V.,<br>Hong Kong Branch<br>39/F. Central Plaza<br>18 Harbour Road<br>Hong Kong | $1,954,589.52 |
| 25 | DLA PIPER HONG KONG<br>17th Flr, Edinburgh Twr<br>The Landmark<br>15 Queen's Road Central<br>Hong Kong | $1,789,232.13 |
| 26 | Grant Thornton Recovery<br>Level 12, 28 Hennessy Rd<br>Wanchai<br>Hong Kong | $907,427.24 |
| 27 | Brndbrg Nam Invt Co<br>Erf 2347 10th St E<br>Industrial Area<br>PO Box 658 Walvisbay<br>Republic of Namibia | $783,559.21 |
| 28 | Deloitte Touche Tohmatsu<br>35/F One Pacific Place<br>88 Queensway<br>Hong Kong | $682,261.03 |
| 29 | Baraka Seari Ltd<br>Rm 1401-2<br>Easey Comercial Bldng<br>253-261 Hennessy Rd<br>Wanchai, Hong Kong | $657,200.00 |
| 30 | Meridian Invst Group Pte<br>138 Cecil Street<br>#12-01 A Cecil Court<br>Singapore 069538<br>Singapore | $442,001.97 |

WEIL:\96098577\1\35234.0003

Fill in this information to identify the case and this filing:

Debtor Name __Zhonggang Fisheries Limted__

United States Bankruptcy Court for the: __Southern__   District of __New York__
                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4/17/2017__          ✗ _____
            MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                    Ng Puay Yee
                                    Printed name

                                    Authorized Representative
                                    Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:                                                                    :
                                                                          :     Chapter 11
**ZHONGGANG FISHERIES LIMITED**                          :
                                                                          :     Case No. 17-_____ (JLG)
                            **Debtor.**                              :
-------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT PURSUANT
## TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, Zhonggang Fisheries Limited ("**Zhonggang**") as a debtor and debtor in possession in the above-captioned chapter 11 case respectfully represents:

1.     Zhonggang is not a publicly traded company.  The only entities that directly own 10% or more of the equity interests in Zhonggang are Golden Target Pacific Limited (70%) and Sunbridge Holding Limited (29%).  The only entities that indirectly own 10% or more of the equity interests in Zhonggang are Richtown Development Limited (BVI), Pacific Andes Resources Development Limited (Bermuda), Clamford Holding Limited (BVI), Pacific Andes International Holdings Limited (Bermuda), N.S. Hong Investment (BVI) Limited, R&J Investment Limited, JCNG Investment Limited, NJK Investment Ltd., and Pacific Innovation (BVI) Limited.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Zhonggang Fisheries Limited___

United States Bankruptcy Court for the: ___Southern___   District of ___New York___
(State)

Case number (If known): _____

**Official Form 202**

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration ___Corporate Ownership Statement___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___4/17/2017___          ✘ _____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

Ng Puay Yee
Printed name

Authorized Representative
Position or relationship to debtor